UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE WURTH, | Case No. 2:25-cv-2522-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| ASSOCIATE WARDEN, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against two correctional officers, Jenkins and Steffenmeier, and an unidentified associate warden at Mule Creek State Prison. The complaint fails to state a claim. I will dismiss the complaint with leave to amend and give plaintiff an opportunity to remedy its deficiencies. Plaintiff also filed an application to proceed *in forma pauperis*, which makes the required showing and is granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1   which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2   relief. *Id.*

3   A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

21  The complaint alleges that plaintiff's property was stolen, including a medically necessary
22  pillow, after defendant officers Jenkins and Steffenmeier packed up plaintiff's cell and failed to
23  secure his property. ECF No. 1 at 3.

24  The complaint fails to state a claim. Plaintiff alleges that defendants failed to protect his
25  property against theft. Even if the court were to accept that defendants failed to secure plaintiff's
26  property intentionally, the Supreme Court has held that "an unauthorized intentional deprivation
27  of property by a state employee does not constitute a violation of the procedural requirements of
28  the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy

1  for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California provides such
2  a remedy, *see Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994), and plaintiff does not
3  allege that he utilized it.

4      Further, plaintiff fails to allege that defendants were deliberately indifferent to the theft of
5  his medical pillow. Deliberate indifference to a prisoner's serious medical needs violates the
6  Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*,
7  429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner
8  faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps
9  to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be
10 aware of facts from which the inference could be drawn that a substantial risk of serious harm
11 exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of
12 the risk, but was not, then the official has not violated the Eighth Amendment, no matter how
13 severe the risk. *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). The complaint
14 is devoid of any allegation that either defendant knew that plaintiff had a medical pillow or that
15 they intentionally aided in its theft.

16     Plaintiff may file an amended complaint. He is advised that the amended complaint will
17 supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir.
18 2012) (en banc). This means that the amended complaint will need to be complete on its face
19 without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
20 complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
21 complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
22 defendant's involvement in sufficient detail. The amended complaint should be titled "First
23 Amended Complaint" and refer to the appropriate case number.

24     Accordingly, it is ORDERED that:
25     1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.
26     2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2 is GRANTED.
27     3. Within thirty days from service of this order, plaintiff shall file either (1) an amended
28 complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   December 8, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE