UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WURTH, | Case No.  2:25-cv-2522-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| UNKNOWN, *et al.*, | |
| Defendants. | |

On December 8, 2025, I found that the initial complaint failed to state a cognizable claim. ECF No. 7.  Therein, plaintiff alleged that defendants had violated his rights by failing to prevent the theft of his property, including a cervical pillow that was medically necessary.  ECF No. 1 at 3.  In my screening order, I noted that plaintiff did not, as is required to bring a section 1983 action for deprivation of property, allege that he availed himself of the post-deprivation remedy that California offers.  ECF No. 7 at 2-3.  I also found that plaintiff had not alleged that any defendant acted with deliberate indifference.  *Id.* at 3.  I dismissed the initial complaint with leave to amend, and plaintiff has filed an amended complaint.  ECF No. 10.  After review of the amended complaint, I find that it fails to remedy the deficiencies that I identified in its predecessor.  Accordingly, I will recommend that this action be dismissed for failure to state a

1

claim.

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

As an initial matter, plaintiff appears to have disregarded my advisement that the amended complaint must be complete in itself. It does not restate the relevant allegations as to how his property, including the pillow, was lost. Instead, petitioner begins by asserting that he made

2

several attempts to remedy the loss of his pillow through the prison grievance process. ECF No. 10 at 3. But utilizing the prison grievance procedure, while necessary to administratively exhaust claims, is not the same as using the Government Claims Act, which California holds out as a post-deprivation remedy for those deprived of property by a state employee. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) ("California Law provides an adequate post-deprivation remedy for any property deprivations."); *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1069-70 (S.D. Cal. 2007) ("Although Plaintiff has demonstrated successfully that he utilized the prison grievance process to exhaust his federal claims by filing an inmate appeal, and has attached documentation in the form of his CDC 602 form and administrative responses, these documents do not satisfy the [California Government Claims Act] with respect to his state law negligence claims."). Plaintiff has otherwise failed to plead compliance with California's post-deprivation remedy process, and the claim should be dismissed on this basis alone.

Additionally, plaintiff's claims of deliberate indifference remain insufficient. He alleges only that defendants knew that he was mobility impaired and failed to "handle [his property] with care and to protect [it] from loss." ECF No. 10 at 4. But deliberate indifference "requires more than ordinary lack of due care." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To show deliberate indifference, plaintiff must allege that a defendant "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted). Plaintiff has failed to make allegations that, taken as true, give rise to a deliberate indifference claim against any defendant.

I have already afforded plaintiff an opportunity to amend, and his amended complaint is no closer to stating any cognizable claim. Accordingly, I now recommend that this action be dismissed without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that repeated failure to cure deficiencies by amendment may weigh in favor of dismissal without leave to amend).

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the first amended complaint, ECF No. 10, be

DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 24, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE